UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BRISTOL BRASS & COPPER, INC. )
)
v. ) NO. 2:02-CV-59
)
GRINNELL CORPORATION, *ET AL.* )
)

**O R D E R**

Before the Court is the plaintiff's second motion for partial summary judgment seeking a determination that the jury may not consider any comparative fault of the plaintiff in this case. [Doc. 142]. The plaintiff's motion arises out of an observation made by the Court that it was surprised, given the existence of the National Fire Protection Association Code provision (NFPA 17) requiring a fire suppression system more extensive than that installed by the defendant, that the defendant did not require the plaintiff to enter a contract containing some type of exculpatory clause, outlining the plaintiff's waiver of compliance with the requirements of the Code. The Court further observed that such an exculpatory clause might not be valid as violative of public policy, but the observation was merely academic in light of the lack of an exculpatory clause.

Nonetheless, the plaintiff argues that it could not have waived the

requirements of NFPA 17 as alleged by the defendants, because such waiver would be in violation of public policy, citing to the case noted by the Court – *Smith v. The Peoples Bank of Elk Valley*, 1992 W.L. 117061 (Tenn. Ct. App. 1992). In *Smith*, the Tennessee Court of Appeals considered an exculpatory provision in a rental agreement for a safe deposit box, in which the bank attempted to eliminate any liability which it might have for its negligent actions. The plaintiff cites no authority analogous to this case, in which there is no exculpatory clause, but merely an allegation that the plaintiff was made aware of the code requirements and made a knowing and voluntary waiver of the requirements.

In essence, the plaintiff's argument is that because of the provisions of NFPA 17, the defendants were required to sell it a compliant fire system, and if the plaintiff did not wish to spend enough to purchase a compliant fire system, then the defendants would be obligated to refuse to sell it any system at all. To follow the plaintiff's argument to its logical result leads to the conclusion that public policy must dictate that if a person does not have the finances or desire to purchase a fire system which is fully compliant with the code provisions, then they are better off with no system at all. Given the fact that the plaintiff has cited to no authority for this proposition, and given the fact that surely some fire protection must be better than none, the Court refuses to take the leap suggested by the plaintiff. This case is

2

markedly different from *Smith* in that it does not deal with an attempt to completely exonerate the defendants of liability, but rather the defendants seek to reduce any potential judgment against if for fault attributable to the plaintiff's refusal to purchase the complete protection for its paint line that was required by law. Surely the result in *Smith* would have been different had the plaintiffs negotiated with the bank for some lesser amount of protection in exchange for a reduced service fee. Further, *Smith* does not indicate that the defendant would be barred from presenting proof of comparative negligence, but only indicates that the defendant was not entitled to summary judgment.

Accordingly, the plaintiff's motion is **DENIED**. [Doc. 142].


ENTER:

                                                s/J. RONNIE GREER
                                       UNITED STATES DISTRICT JUDGE